## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ANTHONY JEROME SMITH,  #22325-078** § | | |
| § | | |
| VS. § | | **CIVIL ACTION NO. 4:18cv30** |
| § | | **CRIMINAL ACTION NO. 4:14cr140(2)** |
| **UNITED STATES OF AMERICA** § | | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Movant Anthony Jerome Smith's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.  After due consideration of Movant's § 2255 motion and the Government's response, the Court will deny the motion for the reasons discussed below.

### I.  BACKGROUND

Sherman Police Department arrested Movant following a traffic stop that resulted in a seizure of 26 grams of methamphetamine.  At the time of the stop, there was an outstanding federal warrant for Movant in Criminal Action No. 4:14cr72, which charged him with being a felon in possession of a firearm.  During the ensuing investigation, contact lists, call logs, and text messages were downloaded from Movant's phones, many of which referred to drug trafficking.  It was determined that Movant was a distributor of methamphetamine in the Sherman, Texas area.  A federal grand jury returned a one-count indictment against Movant and four co-defendants, charging them with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846.  The indictment charged that the conspiracy started in January, 2009, and continued up to the filing of the

indictment – September 10, 2014.  Crim. ECF Dkt #14.

At trial, Sherman Police Department Detective Brian McClaran and Bureau of Alcohol, Tobacco, Firearms and Explosives ("BATF") Special Agent Justin Holbert testified as to their involvement in the investigation of Movant.  Additionally, Movant's co-defendants testified as to Movant's participation in the conspiracy.  On March 12, 2015, a jury found Movant guilty of the charged offense, finding that he possessed 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine during the scope of the conspiracy.

After a jury found him guilty, the District Court assessed punishment at 188 months' imprisonment, to run concurrently with the 120-month-sentence he received in the felon in possession of a firearm case, Crim. ECF 4:14cr72 Dkt. #191.  The Fifth Circuit affirmed Movant's conviction and sentence on appeal.  *United States v. Smith*, 670 F. App'x 226 (5th Cir. 2016).

Movant filed the instant motion on January 3, 2018, the date he states he placed it in the prison mail system.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  The Government filed a response, claiming Movant is not entitled to relief.

## II.  STANDARD FOR FEDERAL HABEAS CORPUS PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal."  *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992).  A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction.  The range of claims that may be raised in a § 2255 proceeding is narrow.  A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other."  *United States v. Pierce*, 959 F.2d 1297, 1300-1301 (5th Cir. 1992) (*citations omitted*).  A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude."  *United*

*States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Conclusory allegations, which are unsupported and unsupportable by anything else contained in the record, do not raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

### III. PROCEDURAL BAR

It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680 (1993). "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)). It is also well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Lopez*, 248 F.3d 427, 433 (5th Cir. 2001); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). Accordingly, if Movant raised, or could have raised, constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he first either shows cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *Id*. at 232.

On direct appeal, Movant argued that Sherman Police Department Detective Brian McClaran and BATF Special Agent Justin Holbert testified as lay witnesses, but gave expert testimony as to drug code words without being qualified as experts. Additionally, Movant argued that the evidence was insufficient to support the amount of methamphetamine charged. The Fifth Circuit considered these issues on direct appeal and concluded they were without merit, affirming Movant's conviction on appeal. *Smith*, 670 F. App'x 226. Therefore, to the extent Movant raises the same issues on

collateral review, they are procedurally barred.  *Id*.  Even if Movant had not raised the sufficiency claims on direct appeal, sufficiency-of-the-evidence claims are not cognizable on collateral review. *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972).

Furthermore, Movant claims for the first time on collateral review that his prosecution was illegal based on the statute of limitations.  Movant could have raised this issue at trial or on direct appeal.  He fails to show cause for his default and actual prejudice, or that he is actually innocent. *Shaid,* 937 F.2d at 232. Even if the issue was not barred, Movant misunderstands the statute of limitations as it applies to his case.  Generally, the statute of limitations for most federal crimes provides that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years after such offense shall have been committed."   18 U.S.C. § 3282.  An indictment satisfies the limitations requirements if the Government alleges and proves that the drug conspiracy continued into the limitations period. *United States v. Lokey,* 945 F.2d 825, 832 (5th Cir. 1991). In the instant case, it does not matter when the conspiracy began because it continued well within the limitations period.  Co-conspirators testified that as late as March 2014, they had purchased or provided methamphetamine to Movant. The indictment was returned on September 10, 2014, and Movant did not show that he had withdrawn from the conspiracy five years prior to that date.  Evidence showed that Movant was active in the conspiracy just six months prior to the indictment.  The issue is procedurally barred and is without merit.  *Id*.

Movant also raises an issue of prosecutorial misconduct for the first time on collateral review. He claims Assistant United States Attorney Maureen C. Smith scripted co-defendant Larry Rudd's testimony.  Specifically, he claims that Rudd testified he bought methamphetamine from Movant at

4

the time period in which Movant was in jail. Rudd then clarified that he bought the methamphetamine after Movant was released from jail. This issue is without support, but because he failed to raise it on direct appeal, it is also procedurally barred. *Id*.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant asserts he is entitled to relief based on ineffective assistance of counsel. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700. A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance. *Id*. at 697.

Movant claims Counsel was ineffective for failing to raise the limitations defense at trial and

5

on appeal. As discussed above, however, Movant was prosecuted within the limitations period. Because the issue is without merit, Counsel cannot be held to be ineffective for failing to argue a frivolous claim. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Movant fails to show Counsel was ineffective. *Strickland*, 466 U.S. at 694.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that the court, nonetheless, address whether Movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should

issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court finds that Movant is not entitled to a certificate of appealability.

## VI.  CONCLUSION

In conclusion, Movant raises issues that are procedurally barred because the Fifth Circuit has already considered the issues and found them to be without merit. Likewise, Movant raises issues that could have been raised on direct appeal, but he failed to do so; thus they are also procedurally barred. He fails to show actual innocence or cause and prejudice for his failure. Finally, Movant has not shown that, but for Counsel's alleged deficient performance, the outcome of the trial or appeal would have been different. Movant is not entitled to relief.

Therefore, it is **ORDERED** that Movant's motion filed pursuant to 28 U.S.C. § 2255 is **DENIED,** and the case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All motions not previously ruled upon are **DENIED.**

**SIGNED this 17th day of March, 2021.**

                                        AMOS L. MAZZANT
                                        UNITED STATES DISTRICT JUDGE